UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

MARC H. WILLIAMS,

                        Plaintiff,

                  -against-

P.O. KYLE BACH, Shield No. 7430, P.O. JOSEPH
AZEVEDO, Shield No. 20180, and THE CITY OF NEW
YORK,

                        Defendants.

---------------------------------------------------------------------- x

**ANSWER TO THE
AMENDED COMPLAINT**

10 CV 3747 (WHP)(GWG)

Jury Trial Demanded

        Defendants the City of New York, Police Officer Kyle Bach, and Police Officer

Joseph Azevedo, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New

York, their answer to the amended complaint, respectfully allege, upon information and belief, as

follows:

        1.     Deny the allegations set forth in paragraph "1" of the amended complaint,

except admit that plaintiff purports to proceed and seek damages as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the amended complaint,

except admit that plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph 3" of the amended complaint,

except admit that plaintiff purports invoke the Court's jurisdiction as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the amended complaint,

except admit that plaintiff purports invoke the Court's jurisdiction and seek relief as stated

therein.

        5.     Deny the allegations set forth in paragraph "5" of the amended complaint,

except admit that plaintiff purports invoke base venue as stated therein.

6.      Paragraph "6" is a demand for trial by jury to which no response is required.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the amended complaint.

8.      Admit the allegations set forth in paragraph "8" of the amended complaint.

9.      Admit the allegations set forth in paragraph "9" of the amended complaint.

10.     Admit the allegations set forth in paragraph "10" of the amended complaint.

11.     Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that on March 19, 2009 a document purporting to be a notice of claim was received by the Office of the Comptroller of the City of New York, and respectfully refer the Court to that document for a recitation of its contents.

12.     Deny the allegations set forth in paragraph "12" of the amended complaint, except admit that on March 19, 2009, a document purporting to be a notice of claim was received by the Office of the Comptroller of the City of New York, and that no payment has been made with respect to plaintiff's purported notice of claim.

13.     Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that plaintiff filed the complaint in this matter on May 6, 2010.

14.     In response to the allegations set forth in paragraph "14" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "13" inclusive of their answer, as if fully set forth herein.

15.     Deny the allegations set forth in paragraph "15" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residence or who plaintiff was with.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint, except admit that defendants Bach and Azevedo exited a police vehicle and approached plaintiff.

18.     Admit the allegations set forth in paragraph "18" of the amended complaint.

19.     Admit the allegations set forth in paragraph "19" of the amended complaint.

20.     Deny the allegations set forth in paragraph "20" of the amended complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

23.     Deny the allegations set forth in paragraph "23" of the amended complaint.

24.     Deny the allegations set forth in paragraph "24" of the amended complaint, except admit that plaintiff was handcuffed.

25.     Admit the allegations set forth in paragraph "25" of the amended complaint.

26.     Admit the allegations set forth in paragraph "26" of the amended complaint.

27.     Deny the allegations set forth in paragraph "27" of the amended complaint.

28.     Admit the allegations set forth in paragraph "28" of the amended complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

30.     Deny the allegations set forth in paragraph "30" of the amended complaint.

31.     Deny the allegations set forth in paragraph "31" of the amended complaint.

32.     Deny the allegations set forth in paragraph "32" of the amended complaint.

33.     Deny the allegations set forth in paragraph "33" of the amended complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the amended complaint.

35.     Admit the allegations set forth in paragraph "35" of the amended complaint.

36.     Deny the allegations set forth in paragraph "36" of the amended complaint.

37.     Deny the allegations set forth in paragraph "37" of the amended complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the amended complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the amended complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the amended complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the amended complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the amended complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the amended complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the amended complaint.

45.     Deny the allegations set forth in paragraph "45" of the amended complaint.

46.     Deny the allegations set forth in paragraph "46" of the amended complaint.

47.     Deny the allegations set forth in paragraph "47" of the amended complaint, except admits that plaintiff seeks relief as stated therein.

48.     In response to the allegations set forth in paragraph "48" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "47" inclusive of their answer, as if fully set forth herein.

49.     Deny the allegations set forth in paragraph "49" of the amended complaint.

50.     Deny the allegations set forth in paragraph "50" of the amended complaint.

51.     Paragraph "51" of the amended complaint sets forth a conclusion of law, rather than an averment of fact, to which no response is required.

52.     Deny the allegations set forth in paragraph "52" of the amended complaint.

53.     Deny the allegations set forth in paragraph "53" of the amended complaint, except admit that plaintiff seeks relief as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54.     The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

56.     At all times relevant to the acts alleged in the amended complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

57.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

58.     Punitive damages cannot be recovered against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

59.     Defendants Police Officer Kyle Bach, and Police Officer Joseph Azevedo have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

60.     There was probable cause and/or reasonable suspicion for any stop or search.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

61.     Some or all of plaintiff's claims brought pursuant to New York State law may be barred by N.Y. GEN. MUN. LAW §§ 50-(e), (h) or (i).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

62.     At all times relevant to the acts alleged in the amended complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful

exercise of its discretion. Therefore, defendant City is entitled to governmental immunity from liability.

<b>AS AND FOR A TENTH AFFIRMATIVE DEFENSE:</b>

63.     Plaintiff provoked any incident.

<b>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:</b>

64.     There was probable cause for plaintiff's arrest, detention and any prosecution.

**WHEREFORE,** defendants the City of New York, Police Officer Kyle Bach, and Police Officer Joseph Azevedo request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            November 29, 2010

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, Police*
*Officer Kyle Bach and Police Officer Joseph*
*Azevedo*
100 Church Street, Room 3-208
New York, New York 10007
(212) 788-0823

By:                  /s/
_____

PHILIP R. DePAUL
Assistant Corporation Counsel
Special Federal Litigation

TO: Alan D. Levine, Esq., *Attorney for Plaintiff*  (by E.C.F.)

Index No.  10 Civ. 3747 (WHP) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC H. WILLIAMS,

                                            Plaintiff,

                    -against-

P.O. KYLE BACH, Shield No. 7430, P.O. JOSEPH
AZEVEDO, Shield No. 20180, and THE CITY OF
NEW YORK,

                                            Defendants.

**ANSWER TO THE AMENDED COMPLAINT**

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York,Police
Officer Kyle Bach and Police Officer Joseph Azevedo*
100 Church Street
New York, N.Y.  10007

Of Counsel:  Philip R. DePaul
Tel:  (212) 788-0823

*Due and timely service is hereby admitted.*

*New York, N.Y.*   .......................................... *, 201…...*

............................................................. *Esq.*

*Attorney for*..............................................................